*E-Filed 9/28/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PAMELA A. PEKIPAKI,

        Plaintiff,

  v.

MICHAEL J. ASTRUE,
Commissioner,
Social Security Administration,

        Defendant.
_____/

**No. C  07-4917 RS**

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

## I. INTRODUCTION

Plaintiff Pamela A. Pekipaki filed an application for Social Security Disability Insurance and Supplemental Social Security Income benefits in 2004. After her application was denied, she filed a complaint in this court seeking review of the denial of benefits and her case was remanded for further proceedings. On remand, the Administrative Law Judge found that Pekipaki was disabled. As a result of this decision, Pekipaki received a total of $52,101.00 in retroactive benefits, of which $13,025.25 was withheld for potential attorney fees.[1]

---

[1] The moving papers state that $13,075.75 was withheld. The Court presumes that the $13,025.25 figure, which represents 25% of the award and which is used elsewhere in the moving papers, is the correct number.

On September 2, 2008, the Court approved a stipulated award of $5,000 in attorney fees under the Equal Access to Justice Act ("EAJA"). Under the terms of the contract between Pekipaki and her attorney, Harvey P. Sackett, Mr. Sackett is to be paid a fee up to 25% of the past-due benefits for a favorable decision later than the initial hearing. In this motion, Sackett requests as attorney fees under 42 U.S.C. § 406(b) the full 25% of the retroactive benefits obtained, of which $5,000 will be reimbursed to Pekipaki to offset the fees awarded under the EAJA.

## II. LEGAL STANDARD

Section 206(b) of the Social Security Act provides that "whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A).

This fee is paid from funds withheld by the Social Security Administration from the past-due benefits payment. The Supreme Court has instructed courts to look first to the attorney-client fee agreements when considering a fee motion under 42 U.S.C. § 406(b). See *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-808 (2002).[2] Courts must, however, review such fee agreements, "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The burden is on the attorney seeking fees to "show that the fee sought is reasonable for the services rendered." *Id.*

As noted, by statute, the maximum allowable fee is 25% of the recovery. The *Gisbrecht* court identified two circumstances as examples of when a lower fee may be warranted. First, if "the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* at 808. Second, if "the benefits are large in comparison to the amount of time counsel spent on the case, a downward

---

[2] *Gisbrecht* expressly rejected the prior practice in this and some other circuits of evaluating fee applications under 42 U.S.C. § 406(b) using the "lodestar" analysis that generally applies to fee applications under fee-shifting statutes.

adjustment is similarly in order." *Id. Gisbrecht* authorized courts to consider evidence of the hours incurred and the hourly rates normally charged in non-contingent matters, "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but cautioned that such an inquiry should not rise to the level of "satellite litigation" over fees. *Id.* Finally, the award of fees must be offset by any previous award of EAJA attorney fees. 28 U.S.C § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 796.

## III. DISCUSSION

In light of the entire record here, the Court concludes that the requested fee in the full amount of 25% of the recovery, as provided in the fee agreement, is reasonable.[3] There is no evidence of delay by Mr. Sackett, or of a particularly large award resulting from an unusually small amount of work. Sackett incurred just over 30 hours on the case, resulting in an effective hourly rate of $429.16, which is well within the bounds of reasonableness considering Sackett's experience, expertise, and the contingent nature of the engagement. No other basis appears that would warrant reducing the fees below the rate set by the contract. Accordingly, the motion will be granted.

## IV. CONCLUSION

For the reasons set forth above, the motion is granted. Plaintiff's counsel shall collect $13,025.25 in attorney fees and shall reimburse Plaintiff in the sum of $5,000.

IT IS SO ORDERED.

Dated: 9/28/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

---

[3] In response to the motion, the Commissioner filed a brief taking no position on the reasonableness of the fee request, but providing legal and factual analysis designed to facilitate the Court's evaluation of the request.

3

No. C 07-4917 RS
ORDER GRANTING MOTION FOR ATTORNEY FEES